The next case today is Sandry Rijo versus the United States. Appeal number 172213. Good morning, your honors. I am, again, I am David Ramos and I'm counsel for petitioner appellant Sandry Rijo. This is a 2255 claim where Mr. Rijo was denied effective assistance of counsel when his trial lawyer ignored his request that particular evidence be presented at trial before arresting the case. Evidence which consisted of the testimony of one Puerto Rico police agent, William Rosario, and the rough notes and the EA-6 report of investigation which he prepared summarizing the testimony of an from the investigation that a confusion of co-defendants where Mr. Sandry Rijo is confused with co-defendant Fernando Navarro who shares the also known as Sandy. Now, different from trial counsel's whole allegation that he understood this to be a typo and that's the reason he did decided against presented it presenting it at trial more than being a typo, your honors. This was really a product of deficient police investigation where agent Rosario confused Mr. Rijo with another co-defendant. Now, the rough notes placed Mr. Rijo on board a motherboat transporting over 900 kilos of cocaine whereas the DEA-6 report of investigation placed Mr. Rijo not on the boat but rather at the Now, although both accounts tend to or seem to incriminate Mr. Rijo, the mix-up and confusion of identities was the product of poor police investigation that needed to be presented to the jury in order to attack the credibility of both the agent and Mr. Altagracia, the informant. Now, at the commencement of trial, counsel's opening argument was premised in large part on impeaching this contradicting evidence. However, right after trial counsel finished his opening argument, the government approached him and informed the defense that the DEA-6 contained mistakes where agent Rosario had mistaken Mr. Rijo for another co-defendant. Now, this late disclosure compromised Mr. Rijo's right to a fair trial and at that moment, opportunely, trial counsel requested a mistrial which the district court denied. The district court concluded that the defense could and should attack Mr. Altagracia's credibility in trial and call Mr. Agent for a DEA-6 report of investigation and Mr. Rijo requested that his counsel do so in his participation of assisting at his own counsel. Counsel, when you say that the DEA agent mistook one person for another, is it that they mistook one person for another or they simply got the two similar names wrong? No, it's in the rough notes, it was mentioned a Sandy referring to a Fernando Navarro. And in the DEA-6, it was mentioned a Sandy Rijo, which is the petitioner. Now, in spite that Mr. Rijo had requested that counsel attack this contradiction and for a police investigation, trial counsel ignored his request and rested the case without calling a single witness, not the DEA-6 or Rosario's handwritten notes as evidence. As a result, Mr. Rijo was found guilty and convicted of conspiracy to smuggle over 900 kilos of cocaine into the town of Salinas, Puerto Rico. By doing so, his trial lawyer denied Mr. Rijo's right to effective counsel by ignoring his request, which prejudices right to a fair trial. Had this evidence been presented to the jury, Mr. Rijo's outcome may have been different. Even though trial counsel may have considered it as a trial strategy, we should also bear in mind that defendant's desire to assist in his defense and that evidence he understand was a result of incompetent police work should have been part of that trial strategy and should have been presented as evidence. So that would be the gist of my argument, Your Honors. I'll take any questions at this time. I'm not seeing any additional questions, counsel, so thank you and we'll hear from the government. Yes, Chief Judge Howard and may it please the court, David Bornstein on behalf of the United States. Mr. Sandry Rijo is asking this court to reverse the district court's judgment, denying his motion to vacate his criminal conviction under 28 UFC 2255. Several insurmountable obstacles stand in his way, however. First and foremost is the fact that Mr. Rijo never confronts in his brief the district court's reasons for denying him second 2255 relief. By failing to confront and challenge the district court's reasons for denying him relief, Mr. Rijo fails in the most fundamental task of any appellant, which is to explain to this court where the district court went wrong. So by failing to challenge the district court's analysis, Mr. Rijo has waived any such challenge and thus cannot succeed on appeal. But even if we were to concentrate on the arguments that Mr. Rijo does bring in his briefing, he still fails because he fails to develop any of his arguments. Mr. Rijo's opening brief is less than 10 pages long. His argument section is only three and a half pages long and once you get past his boilerplate statement of the case law and his recitation of the applicable facts, his argument section by my count comes down to five sentences. So that could just mean it's a straightforward simple argument. What's wrong with what he says? We call that blessedly short. Understood your honors, but the problem is that those five short sentences simply state in a conclusory fashion that his trial counsel was ineffective. It doesn't develop any argument, does not cite the record below, and cites only Strickland versus Washington once in a general matter. That is frankly insufficient under federal rule of procedure, uh, appellate procedure 28. And this court's off-sited decision in Zanino. I read his brief and I read it as pretty clearly saying that there was a mistake that the wrong name was used referring to someone else and he should have cross-examined the government about it to make hay and cause havoc with their case. So it doesn't take long to say that. I just said it. What's wrong with it? Well, what's wrong is the district court properly denied his motion as being insufficient on its face. Those allegations, your honor, simply do not overcome the strong presumption in favor of his trial counsel having operated within reasonable bounds. As this court stated in Lima versus United States, which is the decision that the district court relied on in finding that Mr. Rio had not proven the performance wrong of Strickland, this court held that the decision whether to call a particular witness is almost always strategic requiring a balancing of the benefits and the risks of the anticipated testimony. So the mistake is the mistake here was the mistake here just in the typed up formal document. So Mr. Rio never actually, I'd like to have a few responses that your honor. First of all, Mr. Rio has never really explained what he hoped would be achieved by either pursuing the impeachment evidence that he wanted. My question's factual question that there's a DEA report at Yes. And it has a name in it. Yes. Is that typed? That's a typewritten name, right? Yes. And that's the wrong name. Yes. And the DEA agent's testimony would simply be that's a typo. It put in an extra letter or left out a letter. Yes, that was the government's proper. And, and so in the DEA six, it states that when agent William Rosario interviewed one of the three cooperating witnesses, we had an individual by the name of Freddy Altagracia, that Freddy Altagracia stated that on January 26, 2012, a boatload of cocaine arrived on the shores of Puerto Rico. And on that boat were Gary Brito and Sandra Riho. And it states that they were the ones on the boat twice. However, as the district court found and as the government proffered, that was simply a mistake by agent Rosario. And if you looked at his rough notes, his handwritten rough notes, he actually had correctly copied down that Mr. Riho was an individual on the shore offloading the drugs from the boat. And the individual on the boat was a Sandy Navarro. And that Sandy Navarro was another co-defendant in this case. And the government's proof at trial relied on more than just Freddy Altagracia to prove this. So if I could actually finish up with the performance prong under Lima. Let me just, let me just make sure I'm clear on one thing. The field notes, the rough notes placed Sandra Riho where? They were not consistent with the DEA-6 or they were consistent? So my understanding, your honor, is that the rough notes placed Mr. Riho on the beach, but there was one further confusion within the rough notes themselves between Sandy Riho, sorry, Sandra Riho and Sandy Navarro. But as the district court found when she wrote. I'm sorry, what was the further confusion? Simply that on one occasion within the rough notes itself, it appears that agent Rosario wrote down Sandra Riho when he meant to write down Sandy Navarro. With respect to what? The record does not have anything further on that, your honor. The rough notes are, were never submitted before the district court and they're not part of the record. Everything that Mr. Riho is relying on is actually from this court's own recitation on direct appeal of what that evidence recorded or what that evidence showed. Well, they're not part of the record only because defense counsel didn't go into it, right? Had defense counsel done what we're being told defense counsel should have done, put him to one side with it, then they would be in the record. Well, they weren't part of the 2255 record, your honor. The district court at trial included both the rough notes and the DEA-6 as part of the record on appeal. But unfortunately, that's such an old case that part of the record has not been digitized. And in the 2255 proceeding, Mr. Riho actually never proffered what he expected the witnesses to say, had they been called to testify, nor did he actually provide either of the documents that he said that his attorney should have admitted into evidence. He simply relied upon this court's recitation of what the documents showed as recorded or as reported in his direct appeal. But I think he's then bound by this court's statement that the DEA-6 simply showed a misstatement by Agent Rosario, a confusion of Sandry Riho and Sandy Navarro. The key thing though, your honor, again, is under Lima, Mr. Riho could not overcome the presumption that what his trial attorney did in refusing or declining to pursue this line of defense was simply a matter of trial strategy. And I mean, Lima is very clear precedent on that ground. And when it comes to prejudice, there's simply no possibility that Mr. Riho was prejudiced by his attorney's decision. At best, were his attorney to have followed along with this line of impeachment, he could have impeached one of the three cooperating witnesses on whether the cooperating witness had once said that Mr. Riho's role in the conspiracy was not to stand on the beach and take the drugs from the boat, but rather was on the boat delivering the drugs to Puerto Rico. As a district court held, that is not exculpatory evidence. And the other thing that Mr. Riho wanted to do was have his attorney call a government agent and impeach him. The government agent though, William Rosario played no role in the government's case in chief. And it frankly would have been irrelevant to show that maybe Mr. Rosario did something wrong in recording an interview. It simply would have been irrelevant to the government's case. Moreover, the government's proof that Mr. Riho was a member of this conspiracy, offloading drugs on the beach, was supported by the testimony not only of the cooperating members of Mr. Riho's drug conspiracy. Roberta Barroa put him on the beach offloading drugs, and probably most importantly, Elbrus Fermin, who said that he and Sandra Riho were companions on two to three days because the shipment of drugs, the trial records show that the shipment of drugs into Puerto Rico was delayed because the boat carrying the drugs ran out of gas. So on three nights, members of the drug conspiracy caravan down across the island from San Juan to Salinas in order to wait for the boat to arrive. On two to three of those nights, Elbrus Fermin rode alongside Sandra Riho in a van. And he actually testified that on one of those nights, they talked about how the drug shipment was being delayed because of lack of gas. Impeaching one of those three witnesses as to whether he once said that Sandra Riho was on boat delivering the drugs, as opposed to on the beach offloading the drugs, would not have exculpated him at all. And it's for these reasons, Your Honor, that we believe that, frankly, the briefing on appeal waives any challenge to the district court's decision below. Even the arguments it makes are waived for lack of development, and that this court should affirm the district court's decision to deny Mr. Riho 2255 relief. The court has no further questions. No, thank you, counsel. Thank you. That concludes the arguments for today. This session of the Honorable United States Court of Appeals is now recessed until the next session of the court. God save the United States of America and this honorable court. Counsel, you may disconnect from the meeting.